IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHIRLEY POLK DAVIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:19-cv-2899-S-BN |
| § | |
| TCDFW ACQUISITIONS LLC and § | |
| BLUE DEVIL ACQUISITIONS LLC, § | |
| § | |
| Defendants. § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Shirley Polk Davis, providing that her address is in Dallas, Texas, brings this *pro se* action against two limited liability companies – the addresses of which, according to Polk, are also in Dallas – seeking several hundred thousand dollars in "damages for intentional fraud, elderly abuse, theft of property, identity theft, etc." Dkt. No. 3.

Her lawsuit has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

After reviewing Davis's complaint, the Court ordered her to show in writing that it has subject matter jurisdiction over her lawsuit. *See* Dkt. No. 5. And she responded. *See* Dkt. No. 6.

Considering the complaint and Davis's response, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss

this action without prejudice for lack of subject matter jurisdiction.

"Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007); *see also Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."). Correspondingly, federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Because Davis chose to file her lawsuit in federal court, it is her burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And if she does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between

the parties. *See* 28 U.S.C. §§ 1331, 1332. In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Liberally construed, Davis's claims, as asserted in her complaint, do not implicate a substantial, disputed question of federal law. *See generally* Dkt. No. 3. And, through her complaint, she has not affirmatively and distinctly alleged diversity

jurisdiction. *See generally id.* She specifically has not alleged that complete diversity of citizenship exists. *See MidCap Media Fin.*, 929 F.3d at 313 ("To properly allege diversity jurisdiction under § 1332, the parties need to allege 'complete diversity.' That means 'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam))).

In her response to the show cause order, she asserts "that the defendants have violated federal laws that are designed to protect citizens against crimes," and she cites some criminal statutes (that do not appear to be federal laws). Dkt. No. 6 at 1-2. But Davis may "not assert a valid basis for federal question jurisdiction" by relying "on federal criminal statutes only," *Robinson v. Pulaski Tech. Coll.*, 698 F. App'x 859 (8th Cir. 2017) (per curiam) (citations omitted), as she "has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute," *Savannah v. United States*, No. 3:07-cv-2052-O, 2009 WL 1181066, at *2 (N.D. Tex. Apr. 30, 2009) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also McKeague v. Matsuura*, Civ. No. 08-00571 ACK-KSC, 2009 WL 89112, at *2 (D. Haw. Jan. 12, 2009) (citing "a handful of federal criminal statutes ... fails to sufficiently demonstrate that [a plaintiff's] claims arise under federal law" (citation omitted)).

Davis's show cause response also fails to establish diversity jurisdiction. She attempts to do so by stating that the Trammel Crow Company is incorporated in Delaware, while claiming that she is a citizen of Texas. *See* Dkt. No. 6 at 2-3. But these

aversions establish the citizenship of neither LLC she has sued. *See MidCap Media Fin.*, 929 F.3d at 314 ("'[A]llegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation.' *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985). In contrast, 'the citizenship of a[n] LLC is determined by the citizenship of all of its members.' *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). So, to establish diversity jurisdiction, a party 'must specifically allege the citizenship of every member of every LLC.' *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017).").

Davis has thus failed to show that the Court possesses subject matter jurisdiction over her claims. The Court should therefore dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 13, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE